# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-0727V**

| | |
|---|---|
| ROBERT CHIAGO,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2026 |

*Courtney Christine Jorgenson, Siri & Glimstad, LLP, Pheonix, AZ, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 13, 2021, Robert Chiago filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccine received on October 23, 2020, he suffered a left shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table ("Table"). Petition (ECF No. 1) at ¶¶ 1, 3. On July 7, 2025, I issued a decision dismissing Petitioner's claim. ECF No. 50.

Petitioner's prior counsel had filed an interim motion for attorney's fees and costs, requesting an award of $30,557.81 (representing $29,822.50 in fees plus $744.31 in

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs). Petitioner's Motion for Interim Fees filed December 17, 2024, ECF No. 45. Respondent reacted to that motion on December 29, 2025, stating that he was satisfied the statutory requirements for a fees award were met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion, at 2-4, ECF No. 46.

Petitioner's current counsel, Siri & Glimstad, subsequently filed a final motion for attorney's fees and costs, requesting an award of $5,454.70 (representing $5,450.50 in fees plus $4.20 in costs). Petitioner's Motion for Final Attorney Fees and Costs, filed December 17, 2025, ECF No. 54. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 55-3.

Respondent reacted to the final fees motion on December 29, 2025, stating that he defers to my determination of whether the statutory requirements for an awarded of attorneys' fees and costs are met in this case. ECF No. 56 at 2. Petitioner did not file a reply.

## I. Reasonable Basis

### A. Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 569 U.S. 369, 380 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on*

*behalf of E. J. v. Sec'y of Health & Human Servs*., 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I")*. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs*., No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs*., No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs*., No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs*., 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the

claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), *aff'd without op.*, No. 2022-1737, 2023 WL 7545047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II")*. "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis in this Case

I dismissed this case because I determined that Petitioner had not preponderantly established that he had suffered the residual effects of his alleged SIRVA for more than six months. ECF No. 50 at 9-11. Petitioner treated his left shoulder pain for slightly less than four months. *Id.* at 4-6. After that point, Petitioner had regular primary care appointments, generally on a monthly basis, in which he complained of pain in other parts of his body, without any mention of his left shoulder. *Id.* at 5. Petitioner also received

behavioral health counseling for pain management for longstanding chronic pain, but apparently did not take the opportunity to discuss his left shoulder.

But the current inquiry is whether or not this unsuccessful claim possessed a reasonable basis – an issue governed by a much lower evidentiary standard. In that context, I find *some* minimal evidence that might have supported a favorable severity finding. Petitioner heavily relied on his own statements and those of friends and family as evidence his left shoulder injury was still ongoing and had diminished his ability to perform household chores and play sports. *Id.* at 6-7. Although this testimony lacked sufficient corroboration in the medical record, it has some objective evidentiary value. *James-Cornelius*, 984 F.3d at 1380 (holding that “sworn testimony as to facts within the witness’s personal knowledge, such as . . . severity of symptoms” constituted objective evidence during a reasonable basis analysis). For this reason, I find that the claim possessed a reasonable basis until it was dismissed – meaning a fees award is appropriate. The only remaining question is the appropriate amount of the attorney’s fees and costs to be awarded.

## ATTORNEY FEES

*(A) Downing, Allison, & Jorgenson*

Petitioner requests the following rates for prior attorney Andrew Downing: $385 for time billed in 2020-21; $415 per hour for time billed in 2022; $445 per hour for time billed in 2023; and $485 per hour for time billed in 2024. ECF No. 45 at 15-40. Mr. Downing has been previously awarded these rates, and I find no reason to deviate from them, with one exception. Mr. Downing billed 0.40 hours in 2022 at the higher rate of $445 per hour – exceeding what he previously was awarded for this time period. *Id.* at 33; *Einweck v. Sec’y of Health & Hum. Servs.,* No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022)*; Thoma v. Sec’y of Health & Hum. Servs.,* No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022). I shall therefore reduce the requested 2022 rates for Mr. Downing to those which were previously awarded, reducing the fees to be awarded for the interim request by **$12.00**.[3]

*(B) Siri & Glimstad*

I have reviewed the billing records submitted with Petitioner’s request. The rates requested for work performed by the attorney’s at Siri & Glimstad through the end of 2025

[3] This amount consists of $445 - $415 = $30 x 0.40 hrs = $12.00.

are reasonable and consistent with our prior determinations and will therefore be adopted. And all time billed to the matter was also reasonably incurred.

## ATTORNEY COSTS

*(A) Downing, Allison, & Jorgeson Costs*

Petitioner seeks $744.31 in costs, including the filing fee, medical record retrieval costs, and postage costs. ECF No. 45 at 27-28. These amounts are routinely reimbursed in the Vaccine Program and Petitioner has submitted sufficient documentation to support these costs. Accordingly, Petitioner's former counsel will be reimbursed for the full costs requested.

*(B) Siri & Glimstad Costs*

Petitioner seeks $4.20 in costs, associated with PACER charges. These costs are also adequately substantiated and reasonable herein.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $36,012.51 as follows:**

**A lump sum of $5,454.70, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Siri & Glimstad, LLP's IOLTA account for prompt disbursement; and**

**A lump sum of $30,557.81, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Downing, Allison and Jorgenson's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master